UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ATHALA ASTUDILLO, on behalf of herself and
all other persons similarly situated,

                              Plaintiff,

            -against-

ISLAND WIDE BUILDING SERVICES INC. and
PAUL PISANO,

                              Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

17-CV-6835 (RRM) (SIL)

ROSLYNN R. MAUSKOPF, United States District Judge.

Defendants Island Wide Building Services Inc. and Paul Pisano now move to dismiss the claims of plaintiffs Jose Caceres and Gladys E. Villatoro for failure to prosecute this action. For the reasons set forth below, the Court grants defendants' motion and dismisses these two plaintiffs' claims without prejudice.

## BACKGROUND

Unless otherwise indicated, the following facts are drawn from Court records and are not in dispute. On November 21, 2017, Astudillo commenced this action on behalf of herself and other persons similarly situated, alleging that her employer, defendant Island Wide Building Services, Inc., and its Chief Executive Officer, Paul Pisano, violated various provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). On April 24, 2018, Astudillo moved for conditional certification of a collective action pursuant to section 216(b) of the FLSA, 29 U.S.C. § 216(b). (Motion to Certify FLSA Collective Action (Doc. No. 15).) That motion was granted as unopposed in an order dated June 11, 2018, which also directed Astudillo to send a notice of pendency and a consent to join form to all individuals similarly situated.

Over the next three months, eleven individuals consented to join the lawsuit as plaintiffs, including Caceres and Villatoro.

In August 2018, Magistrate Judge Locke referred this case to mediation.  That mediation – conducted in mid-October 2018 – proved successful in settling this action.  However, Caceres, Villatoro, and two of the other plaintiffs who had consented to join this action – Allan Barahona and David Arevalo – did not respond to their attorney's repeated attempts to obtain their signatures on the settlement agreement.  Accordingly, Judge Locke ordered those four plaintiffs to appear at a March 28, 2019, status conference unless they had already signed the settlement agreement by that date.  (2/28/2019 Order.)  Judge Locke further directed plaintiffs' counsel to serve a copy of his order on the four plaintiffs.

When none of the four plaintiffs appeared at the March 28 conference, plaintiffs' counsel moved to withdraw as their attorney.  (Mot. to Withdraw (Doc. No. 35).)  Judge Locke scheduled a hearing on that motion for June 6, 2019, and again ordered the four plaintiffs to appear.  (5/20/2019 Order.)  He also directed plaintiffs' counsel to serve a copy of his order on the four plaintiffs and to file a certificate of service on the docket sheet.  (*Id.*)  After plaintiffs' attorney timely complied with this directive, Barahona contacted counsel and signed the settlement agreement.  (*See* Status Report (Doc. No. 38).)  However, the other three plaintiffs remained incommunicado and did not appear at the June 6 hearing.

On June 6, 2019, Judge Locke granted Romero's motion to withdraw as attorney for plaintiffs Caceres, Villatoro, and Arevalo.  (Electronic Order dated 6/6/2019.)   He then ordered those three plaintiffs to appear for a conference on July 18, 2019, and warned them that a failure to appear at the conference might result in a dismissal of their claims for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.  (*Id.*)  He further ordered defendants' counsel to serve a copy of his order on each of the three plaintiffs at their last known

2

address by certified mail.  (*Id.*)  Defense counsel promptly complied with Judge Locke's order, (Affidavit of Service dated 6/6/2019 (Doc. No. 40)), though it is unclear whether any of plaintiffs returned the return receipts.

Arevalo appeared at the July 18 conference; Caceres and Villatoro did not.  One week later, defense counsel filed a pre-motion conference request, seeking permission to file a motion dismissing Caceres and Villatoro from the action for failure to prosecute pursuant to Rule 41(b). (Letter dated 7/25/2019 (Doc. No. 44).)  Although they were served with the pre-motion conference request, (Aff. of Serv. (Doc. No. 45)), Caceres and Villatoro did not respond to that request.  Accordingly, the Court deemed a pre-motion conference unnecessary and set a briefing schedule.  (8/6/2019 Order.)  A copy of that order was mailed to both defendants, though the copy sent to Villatoro's post office box was returned as undeliverable.  (Doc. No. 60.)

In a letter dated January 6, 2020, defendants' counsel reported, among other things, that he had timely served the Rule 41 motion on Caceres and Villatoro but had never received a response to the motion from either plaintiff.  (Letter dated 1/6/2020 (Doc. No. 58).)  Defendants' counsel requested permission to file the unopposed motion.  The Court granted that request, directing defendants to file their motion, together with proof that the motion has been served on plaintiffs Caceres and Villatoro, on or before April 17, 2020.  (4/10/2020 Order.)  The Court warned that if Caceres and Villatoro failed to respond to the motion on or before May 1, 2020, the Court would consider the motion unopposed.  (*Id.*)  The Clerk of Court mailed a copy of that order to both plaintiffs.  The post office again returned the copy mailed to Villatoro's post office box as undeliverable.  (Doc. No. 61.)

Defendants filed the motion to dismiss on April 16, 2020.  To date, neither Caceres nor Villatoro has filed a response or a request for an extension of time in which to do so.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Court has "inherent power" to grant such a motion, which is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). However, "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Lewis*, 564 F.3d at 575–76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). In addition, "district courts should be especially hesitant to dismiss for procedural deficiencies where … the failure is by a pro se litigant." *Lewis v. Cavanagh*, 821 F. App'x 64, 65 (2d Cir. 2020) (summary order) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas*, 84 F.3d at 535). "No single factor is generally dispositive." *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). "[W]hile district courts are not required to discuss the factors on the record, … 'notions of simple fairness suggest that a *pro se* litigant should receive an explanation before his or her suit

4

is thrown out of court.'"  *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998) (quoting *Lucas*, 84 F.3d at 535).  Accordingly, this Court will discuss the five factors in some detail.

With the first factor, Caceres and Villatoro have failed to comply with several Court orders to appear and/or prosecute this action since February 28, 2019, when Magistrate Judge Locke made the first of three attempts to secure their appearance.  On that date, he ordered the Caceres and Villatoro, among others, to either execute the settlement agreement or appear before him on March 28, 2019.  They did neither, prompting their attorney to move to withdraw as their counsel, citing their lack of cooperation.  Judge Locke scheduled a hearing on that motion for June 6, 2019, and again ordered Carceres and Villatoro to appear.  They failed to appear for a second time.  Judge Locke then granted plaintiffs' counsel motion to withdraw and once again ordered the two plaintiffs to appear.  On July 18, 2019, Carceres and Villatoro failed to appear for a third time.

Since then, the two plaintiffs have failed to oppose defendants' efforts to dismiss them from this action.  They did not oppose defendants' pre-motion conference request, which sought permission to move to dismiss their claims for failure to prosecute.  When the Court set a briefing schedule, they disregarded it and failed to oppose the motion.  More than six months after plaintiffs' opposition papers were due, the Court *sua sponte* granted the two plaintiffs another two weeks in which to oppose the motion.   They still did not respond.  Indeed, it has been well over a year since the Court or anyone involved in this litigation has heard from either Caceres or Villatoro.

With respect to the second factor, Caceres and Villatoro had ample notice that their failure to prosecute this case could result in dismissal.  In his third order directing them to appear before him, Judge Locke expressly warned:  "a failure to appear at the next conference may result in a dismissal … for failure to prosecute pursuant to Fed. R. Civ. P. 41."  (6/6/2019 Order.)

After the two plaintiffs failed to appear at that conference on July 18, 2019, they received at least four documents alerting them that defendants were seeking to dismiss their claims. First, they were served with a pre-motion conference request, in which defendants requested permission to file the instant motion. Second, the Court mailed both Caceres and Villatoro a copy of its scheduling order, which granted defendants permission to serve the motion and ordered the plaintiffs to respond to the motion by September 30, 2019. Third, both plaintiffs were served with a copy of defendants' motion. When they failed to oppose the motion, the Court issued an order which, among other things, warned Caceres and Villatoro that the motion would be considered unopposed unless they filed opposition papers by May 1, 2020. In light of the foregoing, there is no question that Caceres and Villatoro were adequately warned of the consequences of continued inaction.

With respect to the third factor, defendants were not greatly prejudiced by the delay in this litigation. However, the two plaintiffs' failure to prosecute has unquestionably delayed the resolution of this action, to the detriment of the other parties and the smooth operation of the Court. This action could and should have been resolved shortly after settlement was reached in mid-October 2018. Instead, defendants and the Court have been forced to continue this action for another year. During that time, defendants have had to file this motion, which would have been entirely unnecessary if Caceres and Villatoro had taken the minimal effort of simply contacting their own attorney.

The Court notes that the parties most prejudiced by the two plaintiffs' inaction were their fellow plaintiffs. Settlement in this FLSA action was subject to court approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring judicial or Department of Labor approval of settlements of FLSA claims). Plaintiffs' counsel, who represented a dozen individuals in this action, had to delay seeking approval of the settlement for

6

months, waiting for Caceres, Villatoro, and two other individuals to contact him and execute the settlement agreement.  As a result, Plaintiff's counsel did not move for *Cheeks* approval until August 5, 2019, and approval was not granted until January 3, 2020 – more than 14½ months after the settlement was reached.

With respect to the fourth factor, the Court's interest in concluding this action outweighs the two plaintiffs' interest in receiving further chances to litigate this action.  This action was settled in mid-October 2018, but has remained on the docket, consuming judicial resources, to this day.  During that period, Caceres and Villatoro have been given ample opportunities to appear and to oppose dismissal, but have not yet availed themselves of these opportunities. There is no reason to expect that they will be galvanized to action if given one more opportunity. While the Court acknowledges that Villatoro may not have received copies of all filings in the case, that appears due to the fact that Villatoro has not bothered to update the Court on her change of address.  In light of her apparent indifference to this action, there is no reason to expect that she will regain interest in this case anytime in the near future.

Finally, the Court has considered alternative sanctions.  As noted above, neither Caceres nor Villatoro has contacted this Court or any of the participants in this litigation for well over a year.  The Court does not have a current address for Villatoro.  Accordingly, if the Court were to deny the instant motion to dismiss, this action appears destined to remain on the docket in perpetuity, consuming judicial resources and imposing costs on defendants all the while.

Although the Court finds that dismissal of Plaintiffs' claims is appropriate under the circumstances, dismissal with prejudice is unnecessary to protect the Court's interests in managing its docket and defendants' interests in ending this litigation.  In light of the plaintiffs' pro se status, this Court will dismiss the action without prejudice.  The Court recognizes that the statute of limitations for filing another FLSA may have already passed.  *See Bonaparte v. Tri-*

*State Biodiesel, LLC*, No. 17-CV-2353 (RJS), 2018 WL 4538895, at *2 (S.D.N.Y. Sept. 20, 2018) (citing 29 U.S.C. § 255(a)) (statute of limitations for violations of the FLSA is ordinarily two years, unless the violation was committed willfully, in which case the statute of limitations is extended to three years).  However, "NYLL claims have a six-year statute of limitations with no showing of willfulness required."  *Shu Qin Xu v. Wai Mei Ho*, 111 F. Supp. 3d 274, 278 (E.D.N.Y. 2015) (citing *Guaman v. Krill Contracting, Inc.*, No. 14-CV-4242 (FB) (RER), 2015 WL 3620364, at *5 (E.D.N.Y. June 9, 2015)).  Accordingly, even though dismissal may preclude Caceres and Villatoro from pursuing their FLSA claims in this Court, they may still be able to maintain a NYLL action in state court.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss this action for failure to prosecute is granted and this action is dismissed without prejudice.  The Clerk of Court is respectfully directed to enter judgment in favor of defendants and against plaintiffs Caceres and Villatoro only, to mail a copy of the judgment and this memorandum and order to plaintiffs Caceres and Villatoro at their addresses of record, and to note the mailings on the docket.  Since the Settlement Agreement between the remaining plaintiffs and defendants has already been approved, the Clerk of Court is also respectfully directed to close this case.


SO ORDERED.

Dated: Brooklyn, New York           *Roslynn R. Mauskopf*
            March 29, 2021          _____
                                    ROSLYNN R. MAUSKOPF
                                    United States District Judge

8